William P. Deni, Jr.
Charles H. Chevalier
J. Brugh Lower
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Tel: (973) 596-4500
Fax: (973) 596-0545

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| VALEANT PHARMACEUTICALS NORTH AMERICA LLC; VALEANT PHARMACEUTICALS IRELAND LTD.; DOW PHARMACEUTICAL SCIENCES, INC.; and KAKEN PHARMACEUTICAL CO., LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>SLAYBACK PHARMA, LLC and SLAYBACK PHARMA INDIA LLP,<br><br>Defendants. | Civil Action No. 18-14208<br><br>*Document Electronically Filed* |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Valeant Pharmaceuticals North America LLC ("Valeant"), Valeant Pharmaceuticals Ireland Ltd. ("Valeant Ireland"), Dow Pharmaceutical Sciences, Inc. ("Dow"), and Kaken Pharmaceutical Co., Ltd. ("Kaken") (collectively, "Plaintiffs") by way of this Complaint against Slayback Pharma, LLC and Slayback Pharma India LLP (collectively, "Slayback") allege as follows:

**THE PARTIES**

1. Plaintiff Valeant is a limited liability company organized and existing under the

laws of Delaware having its principal place of business at 400 Somerset Corporate Boulevard, Bridgewater, New Jersey 08807.

2. Plaintiff Valeant Ireland is a company existing under the laws of Ireland having an office at 3013 Lake Drive, Citywest Business Campus, Dublin 24, Ireland.

3. Plaintiff Dow is a corporation organized and existing under the laws of Delaware having its principal place of business at 1330 Redwood Way, Petaluma, California 94954.

4. Plaintiff Kaken is a corporation organized and existing under the laws of Japan having its principal place of business at 20th Floor, Bunkyo Green Court, 28-8, Honkomagome 2-chome, Bunkyo-ku, Tokyo 113-8650, Japan.

5. Upon information and belief, Slayback Pharma, LLC is a Delaware corporation having a principal place of business at 301 Carnegie Center, Suite 303, Princeton, NJ 08540.

6. Upon information and belief, Slayback Pharma India LLP is a limited liability partnership organized under the laws of India, having a principal place of business at 310, 3rd Floor, Manjeera Trinity Corporate, Survey No:1050, Plot No:S2, KPHB, Phase-3, Kuku tpally Hyderabad Hyderabad TG 500072, India.

7. Upon information and belief, Slayback Pharma India LLP is a generic pharmaceutical company that develops, manufactures, markets and distributes generic pharmaceutical products for sale in the State of New Jersey and throughout the United States in concert with Slayback Pharma LLC.

8. Upon information and belief, the acts of Slayback Pharma LLC complained of herein were done with the cooperation, participation and assistance of Slayback Pharma India LLP.

## NATURE OF THE ACTION

9. This is an action for infringement of United States Patent Nos. 7,214,506 ("the '506 patent"), 8,039,494 ("the '494 patent"), 8,486,978 ("the '978 patent"), 9,302,009 ("the '009 patent"), 9,566,272 ("the '272 patent"), 9,662,394 ("the '394 patent"), 9,861,698 ("the '698 patent") and 9,877,955 ("the '955 patent") arising under the United States patent laws, Title 35, United States Code, § 100 et seq., including 35 U.S.C. §§ 271 and 281. This action relates to Slayback Pharma, LLC's filing of an Abbreviated New Drug Application ("ANDA") under section 505(j) of the Federal Food, Drug, and Cosmetic Act ("the Act"), 21 U.S.C. § 355(j), seeking U.S. Food and Drug Administration ("FDA") approval to market its generic efinaconazole topical solution, 10% ("Slayback's generic efinaconazole topical solution").

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and 2201-02.

11. Upon information and belief, this Court has jurisdiction over Slayback Pharma, LLC. Upon information and belief, Slayback Pharma, LLC is in the business of, *inter alia*, developing, manufacturing, marketing, importing, and selling pharmaceutical products, including generic drug products. Upon information and belief, Slayback Pharma, LLC directly, or indirectly, develops, manufactures, markets, and sells generic drug products throughout the United States and in this judicial district, and this judicial district is a likely destination for Slayback's generic efinaconazole topical solution. Slayback's notice letter invoked the jurisdiction and venue of this judicial district. Upon information and belief, Slayback Pharma, LLC purposefully has conducted and continues to conduct business in this judicial district. Upon information and belief, Slayback Pharma, LLC operates a principal place of business at 301

Carnegie Center, Suite 303, Princeton, NJ 08540.

12. Slayback Pharma, LLC has taken the costly, significant step of applying to the FDA for approval to engage in future activities—including the marketing of its generic drugs—that will be purposefully directed at, upon information and belief, the New Jersey and elsewhere. Slayback's ANDA filings constitute formal acts that reliably indicate plans to engage in marketing of the proposed generic drugs. Upon information and belief, Slayback Pharma, LLC intends to direct sales of its drugs into New Jersey, among other places, once it has the requested FDA approval to market them. Upon information and belief, Slayback Pharma, LLC will engage in marketing of its proposed ANDA products in New Jersey upon approval of its ANDA.

13. Upon information and belief, this Court has jurisdiction over Slayback Pharma India LLP. Upon information and belief, Slayback Pharma India LLP is in the business of, *inter alia*, developing, manufacturing, marketing, importing, and selling pharmaceutical products, including generic drug products. Upon information and belief, Slayback Pharma India LLP directly, or indirectly, develops, manufactures, markets, and sells generic drug products throughout the United States and in this judicial district, and this judicial district is a likely destination for Slayback's generic efinaconazole topical solution. Upon information and belief, Slayback Pharma India LLP purposefully has conducted and continues to conduct business in this judicial district. Upon information and belief, Slayback Pharma India LLP is a generic pharmaceutical company that develops, manufactures, markets and distributes generic pharmaceutical products for sale in the State of New Jersey and throughout the United States in concert with Slayback Pharma LLC.

14. Slayback knows or should know that Jublia® is manufactured for Valeant Pharmaceuticals North America LLC in Bridgewater, NJ 08807 USA at least because that

information is included in the label and prescribing information for Jublia®.

15. Upon information and belief, venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and (d), and § 1400(b).

16. Venue is proper against Slayback Pharma, LLC, which maintains a regular and established place of business in this judicial district.

17. Venue is proper against Slayback Pharma India LLP, a foreign corporation, where there is personal jurisdiction.

**THE PATENTS IN SUIT**

18. The United States Patent and Trademark Office ("PTO") issued the '506 patent on May 8, 2007. The '506 patent claims, generally speaking, *inter alia*, methods for treating onychomycosis by administering efinaconazole. Plaintiffs hold all substantial rights in the '506 patent and have the right to sue for infringement thereof. The '506 patent is valid and enforceable. A copy of the '506 patent is attached hereto as Exhibit A.

19. The PTO issued the '494 patent on October 18, 2011. The '494 patent claims, generally speaking, *inter alia*, methods for treatment of a disorder of the nail or nail bed by applying pharmaceutical compositions consisting essentially of a vehicle that is volatile and/or that rapidly penetrates a nail following application onto the surface of the nail, a triazole antifungal active pharmaceutical ingredient (encompassing efinaconazole) and a wetting agent. Plaintiffs hold all substantial rights in the '494 patent and have the right to sue for infringement thereof. The '494 patent is valid and enforceable. A copy of the '494 patent is attached hereto as Exhibit B.

20. The PTO issued the '978 patent on July 16, 2013. The '978 patent claims, generally speaking *inter alia*, pharmaceutical compositions consisting essentially of a vehicle

that is volatile and/or that rapidly penetrates a nail following application onto the surface of the nail, a triazole antifungal active pharmaceutical ingredient (encompassing efinaconazole) and a wetting agent. Plaintiffs hold all substantial rights in the ’978 patent and have the right to sue for infringement thereof. The ’978 patent is valid and enforceable. A copy of the ’978 patent is attached hereto as Exhibit C.

21. The PTO issued the ’009 patent on April 5, 2016. The ’009 patent claims, generally speaking, *inter alia*, pharmaceutical compositions for the topical treatment of a disorder of the nail or nail bed including efinaconazole, ethanol, cyclomethicone, diisopropyl adipate, C12-15 alkyl lactate and antioxidant. Plaintiffs hold all substantial rights in the ’009 patent and have the right to sue for infringement thereof. The ’009 patent is valid and enforceable. A copy of the ’009 patent is attached hereto as Exhibit D.

22. The PTO issued the ’272 patent on February 14, 2017. The ’272 patent claims, generally speaking, *inter alia*, methods for the treatment of onychomycosis by topically applying pharmaceutical compositions including efinaconazole, ethanol, diisopropyl adipate, C12-15 alkyl lactate and cyclomethicone. Plaintiffs hold all substantial rights in the ’272 patent and have the right to sue for infringement thereof. The ’272 patent is valid and enforceable. A copy of the ’272 patent is attached hereto as Exhibit E.

23. The PTO issued the ’394 patent on May 30, 2017. The ’394 patent claims, generally speaking, *inter alia*, compositions including efinaconazole, water, C12-15 alkyl lactate, diisopropyl adipate, cyclomethicone, ethanol, BHT, a salt of EDTA, and citric acid, and methods of treating a fungal infection with the same compositions. Plaintiffs hold all substantial rights in the ’394 patent and have the right to sue for infringement thereof. The ’394 patent is valid and enforceable. A copy of the ’394 patent is attached hereto as Exhibit F.

24. The PTO issued the ’698 patent on January 9, 2018. The ’698 patent claims, generally speaking, *inter alia*, pharmaceutical formulations comprising ethanol, cyclomethicone, diisopropyl adipate and mixed C12-15 alkyl lactates, and methods for the treatment of a disorder of the nail or nail bed by applying the same compositions. Plaintiffs hold all substantial rights in the ’698 patent and have the right to sue for infringement thereof. The ’698 patent is valid and enforceable. A copy of the ’698 patent is attached hereto as Exhibit G.

25. The PTO issued the ’955 patent on January 30, 2018. The ’955 patent claims, generally speaking, *inter alia*, methods for the treatment of onychomycosis by applying a pharmaceutical composition including efinaconazole, ethanol, diisopropyl adipate, C12-15 alkyl lactate and cyclomethicone. Plaintiffs hold all substantial rights in the ’955 patent and have the right to sue for infringement thereof. The ’955 patent is valid and enforceable. A copy of the ’955 patent is attached hereto as Exhibit H.

26. Dow is the holder of New Drug Application (“NDA”) No. 203567 for Jublia®, which the FDA approved on June 6, 2014. In conjunction with NDA No. 203567, the ’506 patent, the ’494 patent, the ’978 patent, the ’009 patent, the ’272 patent, the ’394 patent, the ’698 patent, and the ’955 patent are listed in the FDA’s Approved Drug Products with Therapeutic Equivalence Evaluations (“the Orange Book”).

27. Efinaconazole topical solution, 10% is sold in the United States under the trademark Jublia®.

**SLAYBACK’S INFRINGING ANDA SUBMISSION**

28. Upon information and belief, Slayback Pharma, LLC filed or caused to be filed with the FDA ANDA No. 212119, under Section 505(j) of the Act and 21 U.S.C. § 355(j).

29. Upon information and belief, Slayback Pharma, LLC’s ANDA No. 212119 seeks

FDA approval to sell in the United States Slayback's generic efinaconazole topical solution, intended to be a generic version of Jublia®.

30. Dow received a letter dated August 9, 2018 from Slayback Pharma, LLC purporting to be a Notice of Certification for ANDA No. 212119 ("Slayback's notice letter") under 21 U.S.C. § 355(j)(2)(B)(iv) and 21 C.F.R. § 314.95(c) that included a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV).

31. Slayback's notice letter alleges that Slayback Pharma, LLC has submitted to the FDA ANDA No. 212119 seeking FDA approval to sell Slayback's generic efinaconazole topical solution, intended to be a generic version of Jublia®.

32. Upon information and belief, ANDA No. 212119 seeks approval of Slayback's generic efinaconazole topical solution that is the same, or substantially the same, as Jublia®.

**COUNT I AGAINST SLAYBACK**

**Infringement of the '506 Patent under § 271(e)(2)**

33. Paragraphs 1-32 are incorporated herein as set forth above.

34. Under 35 U.S.C. § 271(e)(2), Slayback has infringed at least one claim of the '506 patent by submitting, or causing to be submitted to the FDA, ANDA No. 212119 seeking approval for the commercial marketing of Slayback's generic efinaconazole topical solution before the expiration date of the '506 patent.

35. Upon information and belief, Slayback's generic efinaconazole topical solution will, if approved and marketed, infringe, either literally or under the doctrine of equivalents, at least one claim of the '506 patent.

36. Upon information and belief, Slayback will, through the manufacture, use, import, offer for sale, and/or sale of Slayback's generic efinaconazole topical solution, directly

infringe, contributorily infringe, and/or induce infringement of at least one claim of the ’506 patent.

37. If Slayback’s marketing and sale of its generic efinaconazole topical solution prior to the expiration of the ’506 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT II AGAINST SLAYBACK

### Declaratory Judgment of Infringement of the ’506 Patent

38. Paragraphs 1-37 are incorporated herein as set forth above.

39. These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

40. There is an actual case or controversy such that the Court may entertain Plaintiffs’ request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

41. Slayback has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Slayback’s generic efinaconazole topical solution before the expiration date of the ’506 patent, including Slayback’s filing of ANDA No. 212119.

42. Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Slayback’s generic efinaconazole topical solution will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the ’506 patent.

43. Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer for sale, sale, and/or importation of Slayback’s generic efinaconazole

topical solution will constitute infringement of at least one claim of the ’506 patent.

**COUNT III AGAINST SLAYBACK**

**Infringement of the ’494 Patent under § 271(e)(2)**

44. Paragraphs 1-43 are incorporated herein as set forth above.

45. Under 35 U.S.C. § 271(e)(2), Slayback has infringed at least one claim of the ’494 patent by submitting, or causing to be submitted to the FDA, ANDA No. 212119 seeking approval for the commercial marketing of Slayback’s generic efinaconazole topical solution before the expiration date of the ’494 patent.

46. Upon information and belief, Slayback’s generic efinaconazole topical solution will, if approved and marketed, infringe, either literally or under the doctrine of equivalents, at least one claim of the ’494 patent.

47. Upon information and belief, Slayback will, through the manufacture, use, import, offer for sale, and/or sale of Slayback’s generic efinaconazole topical solution, directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the ’494 patent.

48. If Slayback’s marketing and sale of its generic efinaconazole topical solution prior to the expiration of the ’494 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

**COUNT IV AGAINST SLAYBACK**

**Declaratory Judgment of Infringement of the ’494 Patent**

49. Paragraphs 1-48 are incorporated herein as set forth above.

50. These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

51. There is an actual case or controversy such that the Court may entertain

Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

52. Slayback has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Slayback's generic efinaconazole topical solution before the expiration date of the '494 patent, including Slayback's filing of ANDA No. 212119.

53. Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Slayback's generic efinaconazole topical solution will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '494 patent.

54. Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer for sale, sale, and/or importation of Slayback's generic efinaconazole topical solution will constitute infringement of at least one claim of the '494 patent.

**COUNT V AGAINST SLAYBACK**

**Infringement of the '978 Patent under § 271(e)(2)**

55. Paragraphs 1-54 are incorporated herein as set forth above.

56. Under 35 U.S.C. § 271(e)(2), Slayback has infringed at least one claim of the '978 patent by submitting, or causing to be submitted to the FDA, ANDA No. 212119 seeking approval for the commercial marketing of Slayback's generic efinaconazole topical solution before the expiration date of the '978 patent.

57. Upon information and belief, Slayback's generic efinaconazole topical solution will, if approved and marketed, infringe, either literally or under the doctrine of equivalents, at least one claim of the '978 patent.

58. Upon information and belief, Slayback will, through the manufacture, use, import, offer for sale, and/or sale of Slayback's generic efinaconazole topical solution, directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '978 patent.

59. If Slayback's marketing and sale of its generic efinaconazole topical solution prior to the expiration of the '978 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT VI AGAINST SLAYBACK

### Declaratory Judgment of Infringement of the '978 Patent

60. Paragraphs 1-59 are incorporated herein as set forth above.

61. These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

62. There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

63. Slayback has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Slayback's generic efinaconazole topical solution before the expiration date of the '978 patent, including Slayback's filing of ANDA No. 212119.

64. Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Slayback's generic efinaconazole topical solution will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '978 patent.

65. Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer for sale, sale, and/or importation of Slayback's generic efinaconazole topical solution will constitute infringement of at least one claim of the '978 patent.

**COUNT VII AGAINST SLAYBACK**

**Infringement of the '009 Patent under § 271(e)(2)**

66. Paragraphs 1-65 are incorporated herein as set forth above.

67. Under 35 U.S.C. § 271(e)(2), Slayback has infringed at least one claim of the '009 patent by submitting, or causing to be submitted to the FDA, ANDA No. 212119 seeking approval for the commercial marketing of Slayback's generic efinaconazole topical solution before the expiration date of the '009 patent.

68. Upon information and belief, Slayback's generic efinaconazole topical solution will, if approved and marketed, infringe, either literally or under the doctrine of equivalents, at least one claim of the '009 patent.

69. Upon information and belief, Slayback will, through the manufacture, use, import, offer for sale, and/or sale of Slayback's generic efinaconazole topical solution, directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '009 patent.

70. If Slayback's marketing and sale of its generic efinaconazole topical solution prior to the expiration of the '009 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

**COUNT VIII AGAINST SLAYBACK**

**Declaratory Judgment of Infringement of the '009 Patent**

71. Paragraphs 1-70 are incorporated herein as set forth above.

72. These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and

2202.

73. There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

74. Slayback has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Slayback's generic efinaconazole topical solution before the expiration date of the '009 patent, including Slayback's filing of ANDA No. 212119.

75. Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Slayback's generic efinaconazole topical solution will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '009 patent.

76. Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer for sale, sale, and/or importation of Slayback's generic efinaconazole topical solution will constitute infringement of at least one claim of the '009 patent.

## COUNT IX AGAINST SLAYBACK

### Infringement of the '272 Patent under § 271(e)(2)

77. Paragraphs 1-76 are incorporated herein as set forth above.

78. Under 35 U.S.C. § 271(e)(2), Slayback has infringed at least one claim of the '272 patent by submitting, or causing to be submitted to the FDA, ANDA No. 212119 seeking approval for the commercial marketing of Slayback's generic efinaconazole topical solution before the expiration date of the '272 patent.

79. Upon information and belief, Slayback's generic efinaconazole topical solution

will, if approved and marketed, infringe, either literally or under the doctrine of equivalents, at least one claim of the ’272 patent.

80. Upon information and belief, Slayback will, through the manufacture, use, import, offer for sale, and/or sale of Slayback’s generic efinaconazole topical solution, directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the ’272 patent.

81. If Slayback’s marketing and sale of its generic efinaconazole topical solution prior to the expiration of the ’272 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT X AGAINST SLAYBACK

### Declaratory Judgment of Infringement of the ’272 Patent

82. Paragraphs 1-81 are incorporated herein as set forth above.

83. These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

84. There is an actual case or controversy such that the Court may entertain Plaintiffs’ request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

85. Slayback has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Slayback’s generic efinaconazole topical solution before the expiration date of the ’272 patent, including Slayback’s filing of ANDA No. 212119.

86. Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Slayback’s generic efinaconazole topical solution will directly

infringe, contributorily infringe, and/or induce infringement of at least one claim of the ’272 patent.

87. Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer for sale, sale, and/or importation of Slayback’s generic efinaconazole topical solution will constitute infringement of at least one claim of the ’272 patent.

**COUNT XI AGAINST SLAYBACK**

**Infringement of the ’394 Patent under § 271(e)(2)**

88. Paragraphs 1-87 are incorporated herein as set forth above.

89. Under 35 U.S.C. § 271(e)(2), Slayback has infringed at least one claim of the ’394 patent by submitting, or causing to be submitted to the FDA, ANDA No. 212119 seeking approval for the commercial marketing of Slayback’s generic efinaconazole topical solution before the expiration date of the ’394 patent.

90. Upon information and belief, Slayback’s generic efinaconazole topical solution will, if approved and marketed, infringe, either literally or under the doctrine of equivalents, at least one claim of the ’394 patent.

91. Upon information and belief, Slayback will, through the manufacture, use, import, offer for sale, and/or sale of Slayback’s generic efinaconazole topical solution, directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the ’394 patent.

92. If Slayback’s marketing and sale of its generic efinaconazole topical solution prior to the expiration of the ’394 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT XII AGAINST SLAYBACK

### Declaratory Judgment of Infringement of the ’394 Patent

93. Paragraphs 1-92 are incorporated herein as set forth above.

94. These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

95. There is an actual case or controversy such that the Court may entertain Plaintiffs’ request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

96. Slayback has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Slayback’s generic efinaconazole topical solution before the expiration date of the ’394 patent, including Slayback’s filing of ANDA No. 212119.

97. Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Slayback’s generic efinaconazole topical solution will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the ’394 patent.

98. Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer for sale, sale, and/or importation of Slayback’s generic efinaconazole topical solution will constitute infringement of at least one claim of the ’394 patent.

## COUNT XIII AGAINST SLAYBACK

### Infringement of the ’698 Patent under § 271(e)(2)

99. Paragraphs 1-98 are incorporated herein as set forth above.

100. Under 35 U.S.C. § 271(e)(2), Slayback has infringed at least one claim of the ’698 patent by submitting, or causing to be submitted to the FDA, ANDA No. 212119 seeking

approval for the commercial marketing of Slayback's generic efinaconazole topical solution before the expiration date of the '698 patent.

101. Upon information and belief, Slayback's generic efinaconazole topical solution will, if approved and marketed, infringe, either literally or under the doctrine of equivalents, at least one claim of the '698 patent.

102. Upon information and belief, Slayback will, through the manufacture, use, import, offer for sale, and/or sale of Slayback's generic efinaconazole topical solution, directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '698 patent.

103. If Slayback's marketing and sale of its generic efinaconazole topical solution prior to the expiration of the '698 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT XIV AGAINST SLAYBACK

### Declaratory Judgment of Infringement of the '698 Patent

104. Paragraphs 1-103 are incorporated herein as set forth above.

105. These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

106. There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

107. Slayback has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Slayback's generic efinaconazole topical solution before the expiration date of the '698 patent, including Slayback's

filing of ANDA No. 212119.

108. Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Slayback's generic efinaconazole topical solution will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '698 patent.

109. Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer for sale, sale, and/or importation of Slayback's generic efinaconazole topical solution will constitute infringement of at least one claim of the '698 patent.

**COUNT XV AGAINST SLAYBACK**

**Infringement of the '955 Patent under § 271(e)(2)**

110. Paragraphs 1-109 are incorporated herein as set forth above.

111. Under 35 U.S.C. § 271(e)(2), Slayback has infringed at least one claim of the '955 patent by submitting, or causing to be submitted to the FDA, ANDA No. 212119 seeking approval for the commercial marketing of Slayback's generic efinaconazole topical solution before the expiration date of the '955 patent.

112. Upon information and belief, Slayback's generic efinaconazole topical solution will, if approved and marketed, infringe, either literally or under the doctrine of equivalents, at least one claim of the '955 patent.

113. Upon information and belief, Slayback will, through the manufacture, use, import, offer for sale, and/or sale of Slayback's generic efinaconazole topical solution, directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '955 patent.

114. If Slayback's marketing and sale of its generic efinaconazole topical solution

prior to the expiration of the ’955 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

**COUNT XVI AGAINST SLAYBACK**

**Declaratory Judgment of Infringement of the ’955 Patent**

115. Paragraphs 1-114 are incorporated herein as set forth above.

116. These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

117. There is an actual case or controversy such that the Court may entertain Plaintiffs’ request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

118. Slayback has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Slayback’s generic efinaconazole topical solution before the expiration date of the ’955 patent, including Slayback’s filing of ANDA No. 212119.

119. Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Slayback’s generic efinaconazole topical solution will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the ’955 patent.

120. Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer for sale, sale, and/or importation of Slayback’s generic efinaconazole topical solution will constitute infringement of at least one claim of the ’955 patent.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs respectfully request that the Court enter judgment in their

favor and against Slayback on the patent infringement claims set forth above and respectfully request that this Court:

1. enter judgment that, under 35 U.S.C. § 271(e)(2), Slayback has infringed at least one claim of the ’506 patent by submitting or causing to be submitted ANDA No. 212119 to the FDA to obtain approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of Slayback’s generic efinaconazole topical solution before the expiration of the ’506 patent;

2. enter judgment that, under 35 U.S.C. § 271(e)(2), Slayback has infringed at least one claim of the ’494 patent by submitting or causing to be submitted ANDA No. 212119 to the FDA to obtain approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of Slayback’s generic efinaconazole topical solution before the expiration of the ’494 patent;

3. enter judgment that, under 35 U.S.C. § 271(e)(2), Slayback has infringed at least one claim of the ’978 patent by submitting or causing to be submitted ANDA No. 212119 to the FDA to obtain approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of Slayback’s generic efinaconazole topical solution before the expiration of the ’978 patent;

4. enter judgment that, under 35 U.S.C. § 271(e)(2), Slayback has infringed at least one claim of the ’009 patent by submitting or causing to be submitted ANDA No. 212119 to the FDA to obtain approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of Slayback’s generic efinaconazole topical solution before the expiration of the ’009 patent;

5. enter judgment that, under 35 U.S.C. § 271(e)(2), Slayback has infringed at least

one claim of the ’272 patent by submitting or causing to be submitted ANDA No. 212119 to the FDA to obtain approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of Slayback’s generic efinaconazole topical solution before the expiration of the ’272 patent;

6. enter judgment that, under 35 U.S.C. § 271(e)(2), Slayback has infringed at least one claim of the ’394 patent by submitting or causing to be submitted ANDA No. 212119 to the FDA to obtain approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of Slayback’s generic efinaconazole topical solution before the expiration of the ’394 patent;

7. enter judgment that, under 35 U.S.C. § 271(e)(2), Slayback has infringed at least one claim of the ’698 patent by submitting or causing to be submitted ANDA No. 212119 to the FDA to obtain approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of Slayback’s generic efinaconazole topical solution before the expiration of the ’698 patent;

8. enter judgment that, under 35 U.S.C. § 271(e)(2), Slayback has infringed at least one claim of the ’955 patent by submitting or causing to be submitted ANDA No. 212119 to the FDA to obtain approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of Slayback’s generic efinaconazole topical solution before the expiration of the ’955 patent;

9. order that that the effective date of any approval by the FDA of Slayback’s generic efinaconazole topical solution be a date that is not earlier than the expiration of the ’506 patent, the ’494 patent, the ’978 patent, the ’009 patent, the ’272 patent, the ’394 patent, the ’698 patent, and the ’955 patent, or such later date as the Court may determine;

10. enjoin Slayback from the commercial manufacture, use, import, offer for sale, and/or sale of Slayback's generic efinaconazole topical solution until expiration of the '506 patent, the '494 patent, the '978 patent, the '009 patent, the '272 patent, the '394 patent, the '698 patent, and the '955 patent, or such later date as the Court may determine;

11. enjoin Slayback and all persons acting in concert with Slayback from seeking, obtaining, or maintaining approval of Slayback's ANDA No. 212119 until expiration of the '506 patent, the '494 patent, the '978 patent, the '009 patent, the '272 patent, the '394 patent, the '698 patent, and the '955 patent;

12. declare this to be an exceptional case under 35 U.S.C. §§ 285 and 271(e)(4) and award Plaintiffs costs, expenses, and disbursements in this action, including reasonable attorney's fees;

13. award Plaintiffs such further and additional relief as this Court deems just and proper.

Dated: September 21, 2018
Newark, New Jersey

Respectfully submitted,

s/ William P. Deni, Jr.

William P. Deni, Jr.
Charles H. Chevalier
J. Brugh Lower
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Tel: (973) 596-4500
Fax: (973) 596-0545
wdeni@gibbonslaw.com
cchevalier@gibbonslaw.com
jlower@gibbonslaw.com

*Attorneys for Plaintiffs*

**Of Counsel:**
Thomas P. Steindler (*pro hac vice* to be submitted)
Nicole M. Jantzi (*pro hac vice* to be submitted)
Paul M. Schoenhard (*pro hac vice* to be submitted)
Ian B. Brooks (*pro hac vice* to be submitted)
**MCDERMOTT WILL & EMERY LLP**
The McDermott Building
500 North Capitol Street, NW
Washington, DC 20001-1531
(202) 756-8000

Sami Sedghani (*pro hac vice* to be submitted)
**MCDERMOTT WILL & EMERY LLP**
275 Middlefield Road
Suite 100
Menlo Park, CA 94025-4004
(650) 815-7400

*Attorneys for Plaintiffs*
*Valeant Pharmaceuticals North America LLC,*
*Valeant Pharmaceuticals Ireland Ltd., and*
*Dow Pharmaceutical Sciences, Inc.*

John D. Livingstone (*pro hac vice* to be submitted)
**FINNEGAN, HENDERSON,**
**FARABOW, GARRETT & DUNNER, LLP**
271 17th Street, NW
Suite 1400
Atlanta, GA 30363-6209
(404) 653-6400

Naoki Yoshida (*pro hac vice* to be submitted)
**FINNEGAN, HENDERSON,**
**FARABOW, GARRETT & DUNNER, LLP**
33rd Floor, Shiroyama Trust Tower
3-1, Toranomon 4-chome, Minato-ku
Tokyo, 105-6033 Japan
+81-3-3431-6943

*Attorneys for Plaintiff*
*Kaken Pharmaceutical Co., Ltd.*

**CERTIFICATION OF NON-ARBITRABILITY PURSUANT TO LOCAL CIVIL RULE 201.1(d)**

Pursuant to Local Civil Rule 201.1(d), the undersigned counsel hereby certifies that this action seeks declaratory and injunctive relief and, therefore, is not subject to mandatory arbitration.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: September 21, 2018
Newark, New Jersey

Respectfully submitted,

s/ William P. Deni, Jr.

William P. Deni, Jr.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Tel: (973) 596-4500
Fax: (973) 596-0545
wdeni@gibbonslaw.com

*Attorneys for Plaintiffs*